UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

GREGORY B. MONACO, on behalf of
himself and other similarly situated
individuals. et al..

          Plaintiffs,

    -against-

MICHAEL HOGAN, Ph.D., in his official
capacity as Commissioner of the New York
State Office of Mental Health, et al.,

          Defendants.
-------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**98-CV-3386 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Gregory Monaco ("Monaco"), the Mental Disability Law Clinic of Touro Law

School ("Mental Disability Law Clinic"), and a state-wide class of individuals found to be

incompetent to stand trial (collectively, "Plaintiffs") bring this action asserting claims under the

Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Cruel and Unusual

Punishment Clause of the Eight Amendment, 42 U.S.C. § 1983, and state law claims of

negligence and false imprisonment. (See Fifth Amended Complaint (Docket Entry # 230).)

Monaco filed the initial complaint in this action on May 5, 1998. (See Complaint (Docket Entry

# 1).) Plaintiffs now move for leave to file a sixth amended complaint adding claims under the

Americans with Disabilities Act ("ADA") and five pendent state law claims seeking injunctions

prohibiting state officials from violating state law. (See Mot. for Leave to File Sixth Am.

Compl. (Docket Entry # 464).) On October 26, 2010, Magistrate Judge Robert M. Levy issued a

Report and Recommendation ("R&R") recommending that the court permit Plaintiffs to amend

the complaint to include the ADA claims, but not the state law claims, which are barred by the

Eleventh Amendment. (R&R (Docket Entry # 506) at 9); see also Pennhurst State Sch. & Hosp.

v. Halderman, 465 U.S. 89, 121 (1984) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. . . . [T]his principle applies as well to state-law claims brought into federal court under pendent jurisdiction.") Judge Levy further recommended that "[P]laintiffs be precluded from further amending the complaint for the duration of the case." (R&R at 9.)

No party has objected to Judge Levy's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Having reviewed Judge Levy's R&R, the court adopts it in its entirety. See, e.g., Brown v. Ebert, No. 05-CV-5579 (DLC), 2006 U.S. Dist LEXIS 94265, at *6 (S.D.N.Y. Dec. 29, 2006) (where no party objects to a magistrate judge's report and recommendation, review is for "clear error"). Plaintiffs may amend the complaint to include the ADA claims but not the additional state law claims. No further amendments to the pleadings will be granted absent good cause.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      December 10, 2010

NICHOLAS G. GARAUFIS
United States District Judge