O/c

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GREGORY MONACO, on behalf of himself and
other similarly situated individuals, et al.,

                              Plaintiffs,

    -against-

MICHAEL HOGAN, Ph.D., in his official
capacity as Commissioner of the New York State
Office of Mental Health, et al.,

                              Defendants.
----------------------------------------------------------------X

**ORDER**

**98-CV-3386 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiffs' renewed request for leave to find an intervenor class representative. (Ltr.-Mot. for Leave to Find an Intervenor ("Pls.' Mem.") (Dkt. 668).)[1] For the reasons stated below, the court GRANTS Plaintiffs leave to propose an intervenor. Once Plaintiffs have proposed an intervenor, Defendants may both put forward general reasons why intervention is improper (see Defs.' Ltr. in Opp'n to Pls.' Mem. ("Defs.' Mem.") (Dkt. 669)), and specific reasons why the chosen intervenor is an inadequate class representative.[2]

---

[1] Defendants argue that Plaintiffs should not be permitted to renew their request to find an intervenor because the court's decision decertifying the class has mooted the need to find an intervenor. (Defs.' Mem. at 1.) The court disagrees. See In re Currency Conversion Fee Antitrust Litig., No. 21-M-95, 2005 WL 3304605, at *3-4 (S.D.N.Y. Dec. 7, 2005) (noting that the court may retroactively act to protect class holders even when it declines to certify a class). In any event, Defendants' argument elevates form over substance. The plain thrust of Plaintiffs' argument is that the court should reconsider its decertification decision in light of the possibility that an intervenor could be found. (See Pls.' Mem. at 2-3.) The court thus interprets Plaintiffs' letter to request reconsideration of the Decertification Order. (Mar. 31, 2016, Mem. & Order (Dkt. 667).) Such a request is plainly permitted.

[2] The court assumes familiarity with the underlying procedural history and allegations brought in this suit. Where necessary, the court explains important background information below.

1

## I. BACKGROUND

On March 12, 1999, Judge Charles Proctor Sifton certified a Plaintiff class and a Plaintiff subclass. See Monaco v. Stone, 187 F.R.D. 50, 63-64 (E.D.N.Y. 1999). On December 20, 2002, the court certified four additional subclasses. Monaco v. Stone ("Monaco II"), No. 98-CV-3386, 2002 WL 32984617 (E.D.N.Y. Dec. 20, 2002). Importantly here, Judge Sifton certified the Civil Commitment Subclass, which consisted of "all individuals in the counties of Kings, Queens, Richmond, Nassau, and Suffolk who are subject to civil commitment evaluations pursuant to Mental Hygiene Law article 9 at facilities operated by the Office of Mental Health or other state entities, local governments, and private entities." Monaco II, 2002 WL 32984617, at *43. Likewise, Judge Sifton certified the Incompetency Subclass, which consisted of "all individuals who have been or will be: (1) charged with a minor felony or misdemeanor; (2) evaluated to determine whether or not they are competent to stand trial; (3) found by court appointed psychiatrists to lack the capacity to stand trial, and awaiting a determination of the competency issue by the local criminal court; and (4) if remanded pursuant to CPL § 730.40, subject to a civil commitment evaluation pursuant to Article 9 of the MHL." Id. at *36. All of the claims remaining in this action were asserted on behalf of either or both of the Civil Commitment and the Incompetency Subclass. (Mar. 31, 2016, Mem. & Order ("Decertification Order") (Dkt. 667).) On March 31, 2016, the undersigned decertified both the Civil Commitment and the Incompetency Subclass because neither had an adequate class representative. (Id.)

## II. LEGAL STANDARD

The standard for a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such motions may be granted: (1) if the court overlooked critical facts; (2) if it overlooked controlling decisions that could have changed its decision, see id.; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d. Cir. 1992); see also Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG) (RLM), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007) ("A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority."). Ultimately, "[i]t is within the sound discretion of the district court whether or not to grant a motion for reconsideration." Markel Am. Ins. Co. v. Linhart, No. 11-CV-5094 (SJF) (GRB), 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012).

## III. DISCUSSION

Prior to the Decertification Order, no party briefed whether the court should permit Plaintiffs to pursue intervention if the court were to find that there was no longer an adequate class representative. Indeed, even now, neither party has addressed the proper legal response when a court finds that a class lacks an adequate representative. Nonetheless, the court believes that manifest injustice could arise if Plaintiffs are not given an opportunity to find an intervenor class representative.

To protect absent class members, the Second Circuit's preferred approach where the named plaintiff is no longer an adequate class representative is to afford "plaintiffs' counsel a reasonable period of time for the 'substitution or intervention of a new class representative.'" McAnaney v. Astoria Fin. Corp., No. 04-CV-1101 (JFB) (WDW), 2007 WL 2702348, at *13

(E.D.N.Y. Sept. 12, 2007) (quoting Birmingham Steel Corp. v. Tenn. Valley Auth., 353 F.3d 1331, 1342 (11th Cir. 2003)), reconsidered in part on different grounds, No. 04-CV-1101(JFB) (WDW), 2008 WL 222524 (E.D.N.Y. Jan. 25, 2008); see also Norman v. Conn. State Bd. of Parole, 458 F.2d 497, 499 (2d Cir. 1972) (remanding a case with instructions to allow 30 days for an intervenor plaintiff class representative to be found); In re Currency Conversion Fee Antitrust Litig., No. 21-M-95, 2005 WL 3304605, at *3 (S.D.N.Y. Dec. 7, 2005) ("Indeed, a class has a legal status separate from the named plaintiff, thus, should the class representative become inadequate, substitution of an adequate representative is appropriate to protect the interests of the class.").

Certainly, as the court recognized in the Decertification Order (see Decertification Order at 17), there may be reasons why allowing intervention is unwarranted, for example, if Plaintiffs were dilatory in seeking to find an intervenor or if intervention would be prejudicial. See, e.g., Culver v. City of Milwaukee, 277 F.3d 908, 912-13 (7th Cir. 2002) (declining to allow intervention when plaintiffs' counsel made no effort to find an intervenor). Nonetheless, without knowing whether any class members wish to pursue this litigation, the court is not in a good position to weigh the potential reasons for granting intervention against any reasons Defendants have for opposing intervention.

Thus, the court reconsiders its decision to decertify the Civil Commitment and the Incompetency Subclasses pending a determination of whether there exists a willing and proper class representative. To be clear, Plaintiffs have not argued, and the court does not believe, that the court should reconsider its ruling that neither Monaco nor the Law Clinic can adequately represent the class. Instead, the only issue remaining is whether an adequate intervenor can be found.

Accordingly, the court GRANTS Plaintiffs a brief period of time to find an intervenor. Plaintiffs shall serve and file a motion for intervention or substitution of a new named plaintiff by July 31, 2016; and Defendants shall serve and file their opposition by August 31, 2016; and Plaintiffs shall serve and file their reply, if any, by September 15, 2016. Plaintiffs must provide an adequate factual foundation for the court to conclude that the chosen intervenor will adequately represent the class.

SO ORDERED.

Dated: Brooklyn, New York
June 7, 2016

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge